GEO. F. GUNTHER *v.* J. M. SHEPHERD.

GEO. F. GUNTHER *v.* SECOND NAT. BANK.

**Losses Occurring After Action Brought.**

Where an action is brought on account and setoff and counter claims are filed and a settlement asked of accounts between the parties, one dealing as a cotton broker, in which profits and losses in cotton speculations are involved, neither party is entitled to have a loss adjusted which took place after the suit was filed. The determination should be had as to the state of the accounts at the date when the action was begun.

LOUISVILLE CHANCERY COURT.

May 9, 1885.

OPINION BY JUDGE PRYOR:

We have seldom investigated a case evidencing transactions between merchants and business men presenting more inconsistencies in the statement of the accounts between the parties and with pleadings that are really less consistent than their accounts. The appellees must have known when they made their defense the nature of the contract between them and the appellant, namely, Mullins, that it was a mere gambling transaction or a purchase in good faith for the sale and delivery of the cotton. They insisted in the first place that it was not in good faith a purchase by them, and each maintains that the contract was not made with the appellant, but with other parties and if left to consider alone the pleadings of the appellee, we would not hesitate to reverse this judgment. The appellant, however, insists and so states both in his pleadings and depositions that the contract was made in good faith for the actual delivery in the future of the cotton contracted for, and also pleads that the contract was made alone with him, and not with the cotton brokers in either New York or New Orleans.

The defense that it was a gaming transaction was withdrawn, and the appellees relied on the fact that at the institution of the action, the appellant was indebted to them and that the subsequent indebtedness grew out of losses sustained after the action was instituted by reason of the wrongful closing out of the cotton contract by appellant before the contracts matured or before the time for delivery. Both parties are here insisting on the good faith of the transaction and such is the state of the pleadings now before us.

It seems from the facts of the record that the appellant was a cotton broker, or made purchases of cotton for others not as agent but on his own responsibility. The cotton purchased by him on account of Shepherd & Co., so far as the proof shows, or as the appellant himself admits, was a firm in New Orleans and a firm in New York. A member of each one of these firms has testified in this case and filed exhibits containing a statement of the losses and profits made by the appellant in his speculation for the benefit of Shepherd & Co. From their statements it is evident that at the time of filing this action or the two actions the appellant was indebted to the appellees in a sum exceeding $2,000. Their accounts as appellant admits are correct and while he held the two notes of Shepherd & Co. they must have been executed with a view of mak-

ing advances or were founded on an erroneous estimate of the loss already sustained. No exhibit of appellant's books were made and the chancellor was left to adjust the accounts from the statements made by the New York and New Orleans firms and allowing or including as a credit the larger note executed by appellees. There was still due the appellees as much or more than the amount of the judgment rendered. This is the statement of the accounts as they existed prior to the closing out of the contracts from which a loss to appellant did occur. Why these notes were executed is involved in mystery and might have been satisfactorily explained by Shepherd or appellant, but this neither have done. The appellant was dealing for others as well as appellees and was doubtless compelled to keep up his own managers with those acting for him, and Shepherd's accounts may have become involved or mingled with the accounts of others in settling up the losses sustained, but whether so or not we can dispose of the question as we find it presented and estimating the losses at $8,500 incurred after the suit and up to the 21st of June would leave a profit prior to that time of the amount for which the chancellor gave judgment. This case should have gone to the commissioner where a more accurate adjustment might have been made, but the appellant has no reason to complain as to the judgment rendered.

The appellees, however, insist that the losses accrued after the bringing of the action should have been awarded him upon the ground that the appellant sold their cotton before he had the right to sell it under the rules of either the New Orleans or New York Exchange. If the action of the appellant was prematurely brought and we think it was, so far as this subsequent loss was concerned, we do not well see how the chancellor could have been called upon to give damages to the appellees.

The appellees insist that the action was prematurely brought but again urge their claim to damages by reason of what transpired after the institution of the action. If it was the duty of the chancellor to settle up and adjust the entire account, the appellees may be correct in the position assumed, but even then the attitude of the parties who, on asserting claim to damages, does not require that the chancellor should exhaust his power as such to give them the relief they ask in their counterclaim. Whether the appellants had the right to close out the contracts regardless of the rules of the cotton exchange when those for whom he purchased or to whom

he had sold were insolvent, is a question not necessary to be considered.

Judgment *affirmed* on original appeal.

*Baker & Tone, W'm. Lindsay, for appellant.*

*Brown & Davie, Russell & Helem, Helm Bruce, for appellees.*

